IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN M. SOLIZ | § | |
|    REG. NO. 50095179 | § | |
| | § | |
| VS. | § | C.A. NO. C-06-378 |
| | § | |
| CORPUS CHRISTI POLICE DEPT. | § | |

## ORDER RETAINING CASE

This case is a civil rights action filed by a federal prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's Eighth Amendment claims alleging excessive force against the John Doe police officers are retained as well as his claims against the City of Corpus Christi, and service is ordered on these defendants.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is a federal prisoner currently incarcerated in the U.S. Penitentiary in Waymart, Pennsylvania.[1]  He filed this lawsuit on August 30, 2006,[2] against the Corpus Christi Police Department, alleging that certain officers had used excessive force against him on August 27, 2004. (D.E. 1).  A Spears[3] hearing was held on November 1, 2006.  The following allegations were made  in plaintiff's original complaint (D.E. 1)  or at the evidentiary hearing:

On August 27, 2004, plaintiff and his girlfriend were living in an efficiency apartment behind a main residence.  They got into an argument that evening outside.  An unidentified person called CCPD and reported a domestic dispute.  By the time the police arrived, plaintiff and his girlfriend were no longer fighting, and had gone inside their apartment.  Plaintiff opened his front door slightly to check outside to see if the police had left, when an officer sprayed him in the face with mace and kicked in the door.  He believes that two or three other

---

[1] Plaintiff pled guilty to felony possession of a firearm before this Court in Criminal Action No. 2:05-cr-00492, and on January 27, 2006, was sentenced to three years in the Bureau of Prisons.  The facts of his criminal conviction are unrelated to his civil claims herein.

[2] Plaintiff executed his complaint on August 23, 2006, (see D.E. 1 at 4), and testified that he placed it in the prison mail system the following day, on August 24, 2004.

[3] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

officers then entered his home and assaulted him. The police did not announce who they were or why they were there. Plaintiff never talked to any of the officers. He only remembers waking up later in the back of the patrol car.

As a result of the assault, plaintiff suffered a compound spiral fracture to his right femur bone. In addition, he suffered bruises to his face and body from being handcuffed and dragged approximately 100 feet to the squad car. Plaintiff was hospitalized and had to have surgery on his right leg, which included the placement of a titanium rod, plus screws in his knee and hip. He now walks with a limp. Plaintiff was never charged with a crime arising from the incident. Internal Affairs investigated the incident, but he does not know if any of the officers were disciplined.

Plaintiff contacted a lawyer concerning his claims against the officers. Until recently, he believed he was being represented, but he has since learned that the law firm has declined to further represent him.

At the <u>Spears</u> hearing, plaintiff orally moved to dismiss the CCPD and to substitute in as the proper party defendant the City of Corpus Christi. He was granted leave to do so. Plaintiff also sought and was granted leave to amend his complaint to name as defendants, in their individual capacities, the three or four John Doe officers he believes used excessive force against him. He seeks one million dollars in compensatory damages, plus punitive damages. He also seeks injunctive relief in that the City of Corpus Christi be ordered to review and implement a new plan as it concerns the arresting and treatment of people in CCPD custody.

### III.  DISCUSSION

**A.     Legal standard.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Excessive use of force.**

Plaintiff complains that the officers used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The factors to be considered are (1) the extent of the injury suffered; (2) the

need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. Gomez, 163 F.3d at 923.

In this case, plaintiff alleges that the officers charged into his home, maced him, and somehow broke his leg. He claims that they did not identify themselves or why they were there, and that he did not resist them. He claims that internal affairs investigated the incident. Plaintiff has alleged sufficient facts to survive § 1983 screening. Accepting plaintiff's allegations as true, he was not resisting ot threatening, and there was no apparent explanation for the force used in this situation. Plaintiff's excessive force claims are retained, and service of process on the John Doe officers will be ordered.

**B.     Municipal liability.**

Plaintiff seeks to hold the City of Corpus Christi liable for the actions of the John Doe officers. Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 534 U.S. 820 (2001). These three elements are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself. Piotrowski, 237 F.3d at 578. An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and

5

well settled as to constitute a custom that fairly represents municipal policy." Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir.1984) (en banc)).   There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right.  Id. at 264.

The fact that three or four officers were allegedly involved in the violation of plaintiff's rights is at least some evidence of a policy or practice to prevent dismissal at this stage in the litigation.  Service of process on the City of Corpus Christi will be ordered.

## IV.  CONCLUSION

Based on the foregoing, plaintiff's excessive force and municipal liability claims are retained.

Respectfully submitted this 7th day of November, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE